528

Joseph J. CIGAS et al., Appellants,

v.

KANSAS CITY LIFE INSURANCE
COMPANY, Respondent.

No. 60461.

Supreme Court of Missouri,
En Banc.

Feb. 13, 1979.

Donald E. Raymond, Thomas M. Howell, Howell, Raymond & Raymond, Kansas City, for appellants.

Reed O. Gentry, Reggie C. Giffin, Field, Gentry, Benjamin & Robertson, Kansas City, for respondent.

BARDGETT, Judge.

Plaintiffs-appellants Joseph Cigas and others sued defendant-respondent Kansas City Life Insurance Company in the Circuit Court of Jackson County seeking damages and an injunction, both of which were premised on allegations that respondent, by various acts, caused a deterioration of the area in which plaintiffs live and a diminution of the value of their property. At the close of plaintiffs' evidence, the circuit court sustained defendant's motion for a directed verdict. Plaintiffs-appellants filed a motion for new trial which was overruled by operation of law ninety days after its filing. Rule 78.06. The plaintiffs then filed a notice of appeal designating that the appeal was to the Supreme Court of Missouri, however, the circuit clerk of Jackson County inadvertently forwarded the notice of appeal to the Missouri Court of Appeals, Western District, instead of to this court. Subsequently, the Missouri Court of Appeals, Western District, corrected this clerical error and forwarded the notice of appeal and attending documents to this court.

The plaintiffs noted on the notice of appeal and assert in their brief that jurisdiction in this court is premised on art. 5, sec. 3, Mo.Const., as amended 1970,[1] in that this case involves the construction of the constitutions of Missouri and of the United States, and filed suggestions in support of jurisdiction in this court. Plaintiffs contend that the trial court's sustention of the defendant-respondent's motion for directed verdict at the close of plaintiffs' case implicitly constituted a ruling which deprived plaintiffs of damages with respect to their property without due process of law in violation of art. 1, sec. 10, Mo.Const., and the 14th amendment of the United States Con-

1. By amendment effective January 2, 1979, to art. 5, sec. 3, the jurisdiction of this court was changed; however, the new provision does not confer jurisdiction in this court of this case.

stitution. The record reflects the only statement the judge made with reference to the defendant's motion for directed verdict was, when explaining the disposition of the case to the jury just before excusing them, that he had found and ruled that the evidence would not justify a judgment or verdict for the plaintiffs under the law.

Plaintiffs' petition raises no issue involving construction of the constitution of Missouri or the United States. Defendant's motion for directed verdict at the close of plaintiffs' evidence and the ruling thereon does not indicate the court made any rulings with reference to the constitution of the state of Missouri or of the United States. Nor did the plaintiffs complain in the trial court that any statute was unconstitutional under either of the constitutions.

The issue on this appeal is whether or not the plaintiffs stated a claim upon which relief could be granted and whether or not plaintiffs made a submissible case. In this connection, one of the issues may involve a decision with respect to the powers derived by a corporation organized under the urban-redevelopment corporation act and the legality or propriety of the defendant's conduct with reference to an urban-redevelopment corporation which defendant had formed. This court is of the view that the appeal in this case may well involve a construction of the urban-redevelopment corporation act but does not involve a construction of either the federal or state constitutions.

For the reasons set forth, this court does not have jurisdiction of the appeal and the appeal is therefore transferred to the Missouri Court of Appeals, Western District.

MORGAN, C. J., RENDLEN, SEILER and SIMEONE, JJ., STOCKARD, Special Judge, and FINCH, Senior Judge, concur.

DONNELLY, J., not sitting.

WELLIVER, J., not participating because not a member of the court when cause was submitted.